IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

Civil Action No. 05-cv-01831-PSF-CBS

KENNETH RAINGE-EL,

    Plaintiff,

v.

CHRISTINE MOSCHETTI and
JOE STOMMEL,

    Defendants.

_____

**ORDER**
_____

Magistrate Judge Craig B. Shaffer

    The matter comes before the court on Defendant Joe Stommel's Motion to Dismiss [#30], filed on January 27, 2006.  Pursuant to the Order of Reference dated November 9, 2005 [#11], this civil action was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine pretrial matters, including discovery and other non-dispositive motions . . . and submit proposed findings of fact and recommendations for rulings on dispositive motions."  The court has reviewed the Motion to Dismiss, the Response [#39], filed on February 17, 2006, the entire case file, and the applicable law and is sufficiently advised in the premises.

    Plaintiff filed his Second Amended Complaint [#23] on December 23, 2005.  Defendant Stommel filed his Motion to Dismiss [#30] on January 27, 2005.  However, this court did not issue its Order Granting Service of Second Amended Complaint by

2

United States Marshal [#38] until February 8, 2006, *after* Defendant Stommel filed his Motion to Dismiss. Thus, Defendant Stommel's Motion to Dismiss does not address the Second Amended Complaint.

Defendant Stommel raises the exhaustion issue in his Motion to Dismiss. He notes: "[Plaintiff] admits that he has not exhausted his administrative remedies. (See Prisoner Complaint at p. 8)." However, Defendant Stommel was referring to Plaintiff's original Complaint in which Plaintiff admitted that he did not exhaust his administrative remedies. In Plaintiff's Second Amended Complaint, Plaintiff contends that he has, indeed, exhausted his administrative remedies. However, Defendant Stommel does not address the exhaustion issue other than to point out Plaintiff's initial– and since rescinded– concession. Defendant's Motion to Dismiss, therefore, does not address all of the potential arguments with respect to exhaustion, including total exhaustion. ***See Ross v. County of Bernalillo,*** 365 F.3d 1181, 1188-89 (10th Cir. 2004)(adopting the "total exhaustion" rule).

In light of this court's February 8, 2006, Order [#38] with respect to Plaintiff's Second Amended Complaint, Defendant's Motion to Dismiss could be construed as moot. Accordingly,

**IT IS ORDERED** that Defendant Stommel may supplement or re-file its Motion to Dismiss in light of Plaintiff's Second Amended Complaint **by March 21, 2006.**

2

DATED at Denver, Colorado, this 21st day of February, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge