IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01831-PSF-CBS

KENNETH RAINGE-EL,

     Plaintiff,

v.

CHRISTINE MOSCHETTI,
JOE STOMMEL,
HOYT BRILL,
DEANN POTTORF, and
CORY CUMMINGS,

     Defendants.

---

## ORDER ON MAGISTRATE JUDGE'S RECOMMENDATION DATED JUNE 6, 2006

---

     This matter comes before the Court on the 18-page Recommendation of Magistrate Judge Shaffer entered on June 6, 2006 (Dkt. # 75) in which he recommended: 1) granting the motion to dismiss the second amended complaint filed by Defendants Stommel and Moschetti on March 21, 2006 (Dkt. # 48); 2) denying as moot the motion to dismiss filed by Defendants Stommel and Moschetti on January 27, 2006 (Dkt. # 29); 3) granting the motion to dismiss filed by Defendants Brill, Pottorf and Cummings on March 30, 2006 (Dkt. # 57); and 4) denying Plaintiff Rainge-El's motion for partial summary judgment filed March 27, 2006 (Dkt. # 54).  The Magistrate Judge thus recommended dismissal of all of plaintiff's claims without prejudice.

     On June 16, 2006, plaintiff timely filed his Objections to the Recommendation. The matter is ripe for determination by this Court.  For the reasons set forth below the

Recommendation of the Magistrate Judge is **accepted in part and declined in part**.

The motion to dismiss filed by Defendants Stommel and Moschetti on March 21, 2006

(Dkt. # 48) is GRANTED, and plaintiff's first and second claims, as alleged against

Defendants Stommel and Moschett, only, are DISMISSED WITH PREJUDICE.

Accordingly, the earlier motion to dismiss filed by Defendants Stommel and Moschetti

on January 27, 2006 (Dkt. # 29) is DENIED as moot.  The Motion to Dismiss filed by

Defendants Brill, Pottorf and Cummings on March 30, 2006 (Dkt. # 57) is DENIED.

Plaintiff Rainge-El's motion for partial summary judgment, filed March 27, 2006 (Dkt.

# 27) is DENIED as well.

As the Magistrate Judge correctly found, plaintiff's Second Amended Complaint

(Dkt. # 23), filed December 23, 2005, asserts four distinct causes of action.  The first

two are interrelated with the second two.  The Court addresses separately addresses

the two sets of claims.

## PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION

Plaintiff, an inmate in custody of the Colorado Department of Correction ("DOC")

since at least July 24, 1995, asserts in his second claim that he was denied due

process in connection with his being classified by the DOC as a sex offender, and

asserts in his first claim that he has been denied "earned time credits" without due

process of law because he has been declared ineligible for a sex offender treatment

program.  Had he been allowed to participate in the treatment program, he claims, he

apparently would have received "earned time" credits.

The Magistrate Judge first recommends dismissal of these two claims on the basis that plaintiff failed to exhaust his administrative remedies regarding his grievances over these matters, as required by the Prison Reform Litigation Act ("PLRA"), 42 U.S.C. § 1997e(a).  Recommendation at 4-8.  Alternatively, the Magistrate Judge recommends dismissal of these two claims on the grounds that: 1) they fail to state claims for the deprivation of due process (Recommendation at 9-13); 2) they are barred by the applicable two-year statute of limitations governing civil rights claims, at least to the extent the claims implicate denying earned time credit prior to a date two years prior to plaintiff's filing of his original complaint, that is before September 2003; and 3) the defendants against whom these claims are asserted, Defendants Stommel and Moschetti, employees of the DOC, are protected against such claims by qualified immunity.

In reaching his recommendation, the Magistrate Judge accurately surveys the law applicable to the administrative exhaustion requirement, including the requirement that the plaintiff attach copies of the administrative proceedings to his complaint or at least describe their disposition with specificity.  Recommendation at 4-6.  The Magistrate Judge found that plaintiff did attach forms of administrative grievances to his second amended complaint, but found that none of the attached grievances, dated February 10, 2005, August 16, 2005, September 11, 2005, September 13, 2005, and October 7, 2005, related to his claims of denial of earned time credit or his classification as a sex offender, although they do relate to his third and fourth claims discussed below.  Recommendation at 7-8.  Therefore, the Magistrate Judge found that

plaintiff failed to exhaust his administrative remedies as to the first and second causes of action, and recommended dismissal of same (*id.* at 8).

The Court agrees that none of the five identified grievance forms references the subject matter of the first or second causes of action.  However, the Court also notes that within the packet of attachments to plaintiff's Second Amended Complaint are two letters sent by plaintiff on April 19, 2005 to officials of DOC, in which he does complain about his loss of earned time credits, and a third letter sent by plaintiff on May 17, 2005 to other DOC officials, a near duplicate of which he apparently sent to Defendant Stommel dated July 27, 2005, in which he complains about his classification as a sex offender and his loss of earned time credits.  A representative of the DOC responded to plaintiff's letters of April 19, 2005 by letter dated April 25, 2005, stating that his claim for earned time credit is not a liberty interest.  A different representative of DOC responded to plaintiff's letter of July 27, 2005 by memorandum dated August 29, 2005, stating essentially that plaintiff was not entitled to a hearing or due process on his claims based on the court decision in "Chambers v. CDOC."

It may be so, as the defendants appear to argue, that these letters are not on the official grievance forms used by the DOC administrative review procedure.  Defendants' Motion to Dismiss, (Dkt. # 57) at 5-6.  Defendants do not argue that the letters fail to provide the information which the grievance forms request the inmate to insert, namely a clear statement of the basis for the grievance and the relief requested, or that any more is requested under the prison's internal procedures.  For purposes of administrative exhaustion, as stated in *Strong v. David*, 297 F.3d 646, 650 (7th Cir.

4

2002), "[w]hen the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. . . . All the grievance need do is object intelligently to some asserted shortcoming."  *See also Sulton v. Wright*, 265 F. Supp. 2d 292, 298 (S.D.N.Y. 2003) ("So long as the prisoner's grievance 'present[s] the relevant factual circumstances giving rise to a potential claim . . . sufficient under the circumstances to put the prison on notice of potential claims and to fulfill the basic purposes of the exhaustion requirement . . . .'").

Recognizing that administrative grievances are written *pro se* by prisoners who may have limited skills in writing, with little or no expertise or access to experts in the law, this Court must give the language used by these inmates a liberal construction as it would with any *pro se* pleading in federal court.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Under such analysis, plaintiff's letters adequately alerted the DOC of plaintiff's grievances over his classification and his request to restore earned time credits.  Indeed, in its response letters the DOC manifests an understanding of plaintiff's contentions and provides a substantive and final response.  Accordingly, the Court does not agree with the Magistrate Judge that the plaintiff's first and second causes of action should be dismissed without prejudice for failure to exhaust administrative remedies.

The Court does agree, however, that these two claims fail to state claims as to which relief may be granted and therefore they should be dismissed on substantive grounds.  In *Chambers v. Bachicha,* 1994 WL 596702 at *2 (Table, 39 F.3d 1191) (10th Cir. 1994), the Tenth Circuit held that the Colorado statute that provides inmates

5

with earned time credits does not create an entitlement or liberty interest under the due process clause stating: "Because there is no substantive limitation on official discretion, there is no basis upon which this statute may be interpreted to create an entitlement or liberty interest for purposes of the Due Process Clause."  Based on such holding, plaintiff's first claim fails to state a claim for relief and therefore must be dismissed with prejudice.

In *Chambers v. Colorado Dept. of Corrections*, 205 F.3d 1237, 1242 (10th Cir.), *cert. denied*, 531 U.S. 962, 974 (2000), a subsequent decision involving the same plaintiff as in the above referenced *Chambers* decision, the Court found that "although the CDOC has not created a liberty interest in a prisoner's not being classified a sex offender," the plaintiff under the particular circumstances of that case was entitled to some due process protection before his status under the DOC's sex offender treatment program was changed.  However, the process was due because although the plaintiff had been classified as a sex offender and was receiving additional earned time credits, he was not participating in the sex offender treatment program that entitled him to the extra earned time credits.  Thus, the Court found that the defendant was removing a "benefit" it had been conferring on the inmate, and some process was due before the benefit could be removed.  *Id.* at 1242-43.  The Court concluded:

> The CDOC thus provided Mr. Chambers a liberty interest in the consequences of the *mandatory* label which it then arbitrarily removed without affording him any opportunity to a hearing to challenge the label.  We think those consequences are a benefit which cannot be taken away without some process.

6

*Id.* at 1243 (emphasis in original; footnote omitted).

The circumstances in the instant case are entirely different.  First, plaintiff's second claim is not a complaint about the classification of sex offender being "arbitrarily removed without affording" due process, but rather appears to complain about "being labeled a sex offender" in the first place.  Amended Complaint at 8 (numbered p. 5).  Essentially plaintiff asserts that having been so labeled, he was not allowed earned time credits unless he participated in a sex offender treatment program.  He was found ineligible for the program, he claims, because he would not admit to a sex offense or acknowledge having a sex offense problem.  *Id.*

However, in the instant case unlike *Chambers*, plaintiff did have a hearing at which he was found to be a sex offender, namely the criminal trial at which he was convicted of second degree sexual assault.[1]  In *Gwinn v. Awmiller,* 354 F.3d 1211, 1218 (10th Cir.), *cert. denied*, 543 U.S. 860 (2004), the Tenth Circuit interpreted its holding in *Chambers* to require some procedural protections before classifying an inmate as a sex offender, if the inmate "has not previously been convicted of a sex offense."  The obvious implication of this statement is that if the inmate has been convicted of a sex offense, the requirement of procedural protection has been satisfied.  Thus, the Court agrees with the Recommendation of the Magistrate Judge that it is not possible for plaintiff "to prove any set of facts that his due process rights were

---

[1]   Although plaintiff's complaint does not explicitly acknowledge that he was convicted of second degree sexual assault, attachments to the complaint so indicate.  *See* letter dated November 11, 1998 from M. Heil to plaintiff; Memorandum dated August 29, 2005 from T. Krow to plaintiff.

contravened to the extent he is labeled a sex offender."  Recommendation at 13.

For this reason plaintiff's Second Claim for Relief is dismissed with prejudice.  The

Court need not reach the other grounds stated in the Recommendation.

**PLAINTIFF'S THIRD AND FOURTH CLAIMS FOR RELIEF**

Plaintiff's third and fourth claims are asserted against Defendants Brill, Pottorf

and Cummings, employees of Corrections Corporation of America ("CCA"), a private

contractor that operates the prison where plaintiff is incarcerated.  The third claim

alleges deliberate indifference to plaintiff's religious rights arising from the withholding

from plaintiff of religious pins he ordered from a vendor outside the prison, and the

subsequent loss of the pins.  Amended Complaint at 5 (unnumbered), 9 (numbered

p. 6).  In his fourth claim plaintiff alleges that he was retaliated against for exercising

his religious beliefs and for seeking redress for the matters alleged in his third claim,

when he was classified as a security threat group ("STG") by the CCA officers and

removed from the general prison population.  *Id.* at 6, 10-11 (all unnumbered).

The Magistrate Judge recommended dismissal of these two claims under

application of the doctrine of "total exhaustion" as set forth in *Ross v. County of

Bernalillo*, 365 F.3d 1181, 1184, 1188-89 (10th Cir. 2004).  Recommendation at 5.

Reasoning that because the first and second claims had not been exhausted, the third

and fourth claims should likewise be dismissed without prejudice.  Recommendation at

8-9, 16.  The Magistrate Judge correctly stated, however, that the defendants as to the

third and fourth claims did not move for dismissal on "substantive grounds"' and if the

Court were to reject the Recommendation for dismissal without prejudice on the basis

8

of failure to exhaust administrative remedies, the third and fourth claims should proceed.  Recommendation at 9.

The Court has reviewed the motion to dismiss filed by the CCA defendants and the only argument presented for dismissal of the third and fourth claims is the failure of plaintiff to satisfy the doctrine of "total exhaustion" as set forth in *Ross, supra*.  As these defendants set forth no other ground for dismissal, and as the Court has found that plaintiff's first and second claims satisfied the requirement of exhaustion, the third and fourth claims are not subject to dismissal on the basis proferred by the CCA defendants.  The Motion of Defendants Brill, Pottorf and Cummings must therefore be DENIED.

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff's motion requests the entry of default judgment against Defendant Stommel for failing to timely file a responsive pleading.  The Magistrate Judge correctly found that Defendants Stommel and Moschetti filed a timely responsive pleading on March 21, 2006, when they filed their motion to dismiss.  Moreover, as set forth above, plaintiff's claims against Defendant Stommel are dismissed on substantive grounds.  Thus, plaintiff's motion is DENIED.

**CONCLUSION**

The motion to dismiss filed by Defendants Stommel and Moschetti on March 21, 2006 (Dkt. # 48) is GRANTED, and plaintiff's first and second claims, alleged against Defendants Stommel and Moschett, only, are DISMISSED WITH PREJUDICE.

The Motion to Dismiss filed by Defendants Stommel and Moschetti on January 27, 2006 (Dkt. # 29) is DENIED as moot.

The Motion to Dismiss filed by Defendants Brill, Pottorf and Cummings on March 30, 2006 (Dkt. # 57) is DENIED.

Plaintiff Rainge-El's motion for partial summary judgment, filed March 27, 2006 (Dkt. # 54) is also DENIED.

DATED:  July 5, 2006

BY THE COURT:


*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge