IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01831-PSF-CBS

KENNETH RAINGE-EL,

    Plaintiff,

v.

CHRISTINE MOSCHETTI,
JOE STOMMEL,
HOYT BRILL,
DEANN POTTORF, and
CORY CUMMINGS,

    Defendants.

## ORDER ON MOTION FOR RECONSIDERATION OF DEFENDANTS BRILL, POTTORF AND CUMMINGS

    This matter is before the Court on the Motion for Reconsideration (Dkt. # 80) filed July 10, 2006, in which Defendants Brill, Pottorf and Cummings (the "CCA Defendants") request the Court to reconsider that portion of its Order of July 5, 2006 (Dkt. # 79) insofar as that Order denies the CCA Defendants' Motion to Dismiss (Dkt. # 57), which argued that plaintiff's claims against them should be dismissed for failure to totally exhaust his administrative remedies.

    In its Order of July 5, 2006, this Court found, notwithstanding the Recommendation of the Magistrate Judge, that plaintiff had satisfactorily exhausted his administrative remedies as to his claims against the two defendant employees of the Colorado Department of Corrections (the "DOC Defendants") subject to his First and

Second Claims for relief, but that such claims were subject to dismissal on alternative substantive grounds (Order at 4-8).

Because the CCA Defendants moved for dismissal of the claims against them (Third and Fourth Claims) solely on the grounds that the doctrine of "total exhaustion" of administrative remedies required such dismissal, the Court denied their motion having found the doctrine not applicable.

The CCA Defendants now direct the Court to the recent U.S. Supreme Court decision in *Woodford v. Ngo*, ___ U.S. ____, 2006 WL 1698937 (U.S., June 22, 2006), which holds that for purposes of the exhaustion requirement contained in the Prison Reform Litigation Act ("PRLA"), namely 42 U.S.C. 1997e(a), "proper exhaustion" of administrative remedies is required and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." 2006 WL 1698937 at *5 (footnote omitted).

It is not clear that *Woodford* applies to the situation here given that plaintiff, unlike the inmate in *Woodford*, did not entirely ignore the prison's administrative grievance machinery. However, assuming application of *Woodford* to the instant case, plaintiff's letters to the DOC officials, which this Court construed in its Order of July 5, 2006 to be sufficient to satisfy the administrative exhaustion requirement, might not be so construed. Thus, under *Woodford* this Court may well be constrained to reconsider its finding that plaintiff exhausted his administrative remedies as to the First and Second Claim for Relief, and perhaps find instead that he did not do so properly as well

as totally.  In any event, whether or not all of the holdings and dicta of *Woodford* apply to this action does not change the result of the July 5, 2006 Order.

As the CCA Defendants now point out, under the doctrine of "total exhaustion" as set forth in *Ross v. County of Bernalillo*, 365 F.3d 1181, 1188-89 (10th Cir. 2004), were this Court to find that a failure of plaintiff to exhaust his remedies as to the first two claims, such finding may require dismissal of his two claims against the CCA Defendants as well.  However, the factual context of the *Ross* case involved a claim by the prisoner of inadequate medical treatment.  The Tenth Circuit found that Ross had failed to exhaust his administrative remedies because some of the events relating to his seeking of medical treatment occurred after he filed his administrative complaint on December 1, 1999, that no further administrative complaint was filed, and therefore all of his claims of inadequate medical treatment could not be found to have been administratively exhausted.  365 F.3d at 1188.  Rather than permitting piecemeal litigation of claims of inadequate medical treatment, the Tenth Circuit required dismissal without prejudice of the entire case.  *Id.* at 1190.

In the instant case, however, plaintiff's administratively unexhausted claims are separate claims asserted against DOC Defendants, and do not appear to be inextricably intertwined with the claims against the CCA Defendants that have been found to have been administratively exhausted.  Under such circumstances, rather than order dismissal without prejudice of the entire case at this time, the Court could allow the plaintiff, if he wished, to voluntarily dismiss without prejudice the unexhausted claims.  Although such a procedure does not appear to have been

3

contemplated in *Ross, supra,* the Tenth Circuit has indicated its apparent approval of such an approach.  *See Dawson v. Taylor*, 128 Fed. Appx. 677, 679 (10th Cir., April 7, 2005) ("[T]he district court may give Mr. Dawson an opportunity to voluntarily dismiss his unexhausted claims and proceed with his exhausted claims.").

The undersigned judge has on occasion found this procedure preferable to dismissing without prejudice all of plaintiff's claims, preserving the prisoner's exhausted claims for trial when the exhausted claims are not intertwined with the unexhausted claims.  *See e.g. Teague v. United States Government*, 2005 WL 2077126 (D. Colo., Aug. 26, 2005).  Because the plaintiff's administratively exhausted claims against the CCA Defendants are not inextricably intertwined with the arguably unexhausted claims that have been dismissed substantively, this Court might consider vacating that ruling and giving the plaintiff the opportunity to voluntarily dismiss the unexhausted claims.  However, because this Court has already dismissed the unexhausted claims in its Order of July 5, 2006 on their merits, there is no need for such a procedure here.  Thus, the plaintiff's claims against the CCA Defendants may proceed irrespective of whether plaintiff totally exhausted his administrative remedies as to the claims against the other defendants that have been dismissed with prejudice.

The Motion for Reconsideration (Dkt. # 80) is therefore DENIED.

DATED:  July 12, 2006

BY THE COURT:

*s/ Phillip S. Figa*

_____

Phillip S. Figa
United States District Judge